OPINION *Page 2 
{¶ 1} On September 13, 2002, the Licking County Grand Jury indicted appellant, Scott Wagner, on twenty-four counts of rape in violation of R.C. 2907.02, twenty-seven counts of gross sexual imposition in violation of R.C. 2907.05, one count of corruption of a minor in violation of R.C. 2907.04, and five counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04 (Case No. 2002CR428).
 {¶ 2} On September 26, 2002, appellant was indicted on six more counts of rape, ten more counts of gross sexual imposition, and three more counts of unlawful sexual conduct with a minor (Case No. 2002CR443).
 {¶ 3} On January 31, 2003, appellant was indicted on four counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323 and fourteen counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322 (Case No. 2003CR51).
 {¶ 4} In total, appellant was charged with ninety-four counts. A few of the counts were dismissed prior to trial.
 {¶ 5} A jury trial commenced on July 8, 2003. The jury found appellant guilty of eighty-eight counts. By judgment entry filed September 8, 2004, the trial court sentenced appellant to an aggregate term of eighty-nine years in prison.
 {¶ 6} Following a series of appeals on appellant's consecutive sentencing, the Supreme Court of Ohio remanded the case for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See,In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2109. *Page 3 
 {¶ 7} Upon remand, the trial court again sentenced appellant to eighty-nine years in prison. See, Judgment Entry filed June 29, 2006.
 {¶ 8} Following the granting of a motion for a delayed appeal, appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 9} "THE COURT ERRED WHEN IT FAILED TO APPLY A PRESUMPTION IN FAVOR OF MINIMUM CONCURRENT SENTENCES, AND WHEN IT APPLIED CONSECUTIVE SENTENCES WITHOUT SUPPORTING FINDINGS FROM THE JURY. THESE ERRORS DEPRIVED THE DEFENDANT OF RIGHTS UNDER THE FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 5 AND 16, ARTICLE I, OF THE OHIO CONSTITUTION."
 I {¶ 10} Appellant claims the trial court's sentence was unconstitutional because the imposition of consecutive sentences involved fact finding which was not made by a jury of his peers. We disagree.
 {¶ 11} In support of his argument, appellant cites the case ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio conducted a comprehensive review of Ohio's criminal sentencing statutes and held the following at paragraph three of the syllabus: "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are *Page 4 
unconstitutional." However, the Foster court held the following at paragraph four of the syllabus: "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of consecutive prison terms."
 {¶ 12} In State v. Mooney, Stark App. No. 2005CA00304, 2006-Ohio-6014, ¶ 63, this court held the following:
 {¶ 13} "[W]e conclude that post-Foster [State v. Foster,109 Ohio St.3d 1], this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621."[1]
 {¶ 14} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 15} By judgment entry filed June 29, 2006, the trial court sentenced appellant to an aggregate term of eighty-nine years in prison. As stated in Foster at paragraph seven of the syllabus: "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."
 {¶ 16} Appellant was found guilty of numerous counts of rape, gross sexual imposition, unlawful sexual conduct with a minor, pandering sexually oriented matter *Page 5 
involving a minor, illegal use of a minor in nudity-oriented material or performance, and corruption of a minor. The trial court sentenced appellant within the statutory range on each count. See, R.C. 2929.14(A)(1)-(5).
 {¶ 17} In its sentencing entry filed June 29, 2006, the trial court noted it "considered the record, oral statements, and the Presentence Investigation prepared, the testimony presented at the sexual classification hearing, as well as the principles and purposes of sentencing under O.R.C. Section 2929.11, and has balanced the seriousness and recidivism factors under O.R.C. Section 2929.12(B)-(E)."
 {¶ 18} The trial court noted the counts involved eleven different victims of "similar ages, gender and social and economic background." The trial court found appellant used:
 {¶ 19} "Big Brothers/Big Sisters as a means to meet his first victim and its use as a credential for future victims and similar integration with all the victims here, and that is the winning of their trust through activities involving camping, four-wheeling, or other actions that would attract a juvenile's attention, then introducing them to pornography, masturbation, fellatio and then anal intercourse."
 {¶ 20} As a result of these crimes, the victims experienced "poor grades, unruly behavior, nightmares, attempted suicides," and affected their mental health as well as their parents and families.
 {¶ 21} "In the case at bar, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor." Mooney, at ¶ 68. *Page 6 
 {¶ 22} Upon review, we find the trial court's sentence was not unconstitutional, and the trial court did not abuse its discretion in sentencing appellant to consecutive sentences.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J. and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
[1] This writer notes the Mooney case, authored by the Honorable W. Scott Gwin, contains a thorough examination and analysis of consecutive sentencing before and after Foster. See also, State v. Firouzmandi, Licking App. No 2006-CA-41, 2006-Ohio-5823. *Page 1